IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : **INTERNAL REVENUE SERVICE,** : : **Appellant** : : v. : : **ANGEL M. MARTINEZ &** : **EVANGELINA D. MARTINEZ,** : : **Appellees** : | CIVIL ACTION NO. 1:07-CV-0687<br><br>(Judge Conner) |

**MEMORANDUM**

Presently before the court is an appeal from the decision of the United States Bankruptcy Court for the Middle District of Pennsylvania allocating appellant's setoff[1] of federal income tax refunds to priority tax liabilities only. For the reasons that follow, the court will affirm the decision of the bankruptcy court.

**I.      Statement of Facts**

On January 6, 2005, appellees, Angel and Evangelina Martinez (hereinafter "the debtors"), filed a voluntary joint petition for relief pursuant to Chapter 13 of the Bankruptcy Code ("the Code"). (Doc. 2 at 5.) Appellant, the United States Internal Revenue Service ("IRS"), holds a pre-petition claim totaling $121,619.80 against the debtors, consisting of an $85,384.88 priority claim and a $36,234.92 general claim. (See id. at 51.) The IRS also owes the debtors a pre-petition tax

---

[1] "Setoff" is defined as "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor." BLACK'S LAW DICTIONARY 1376 (7th ed. 1999).

refund totaling $7,055.  (Id. at 18-19, 28.)  On February 22, 2006, the IRS filed a motion for relief from the automatic stay to permit setoff of the debtors' pre-petition tax refund against their outstanding pre-petition tax liabilities.[2]  (Id. at 18-19.)  The debtors filed an answer to the motion on March 6, 2006, stating that they had no objection to the setoff provided that it was applied to the IRS's priority claim only.  (Id. at 28-29.)  The debtors contended that the Code mandates full payment of priority claims in a Chapter 13 plan, but does not apply a similar mandate to general claims.  See 11 U.S.C. § 1322(a)(2).  Accordingly, allocating the setoff to priority debts would decrease the amount that the debtors would be required to tender to the IRS pursuant to their rehabilitation plan.

On April 25, 2006, the bankruptcy court held a hearing regarding the motion.  (See Doc. 3.)  At the hearing, the bankruptcy court considered § 553 of the Code, 11

---

[2] Creditors' setoff rights are automatically stayed when a Chapter 13 bankruptcy petition is filed; thus, a creditor must seek relief from the automatic stay in order to apply a setoff.  United States ex rel. IRS v. Norton, 717 F.2d 767, 770 (3d Cir. 1983); see also 11 U.S.C. §§ 362, 553.

U.S.C. § 553,[3] and found that it did not "necessarily compel the finding that the IRS has the discretion to decide [how to allocate setoff] in every situation." (Id. at 3.) The bankruptcy court indicated that "under the facts of this case," it would grant the IRS relief from the automatic stay to permit setoff, but would allocate the right of setoff to the IRS's priority claim. (Id.) An order to that effect followed on April 27, 2006. (Doc. 2 at 31.) The IRS appealed the bankruptcy court's decision on May 5, 2006, arguing that it was statutorily permitted by § 6402 of the Internal Revenue Code ("IRC") to apply the setoff against any of the debtors' liabilities.[4] (Doc. 2 at 32-33.) After conducting a thorough analysis of the interplay between Code § 553 and IRC § 6402, this court held that a decision regarding setoff allocation falls within the

---

[3] Section 553 of the Code provides, in pertinent part, as follows:

> [T]his title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case . . . against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a). Section 553 does not create an independent right to setoff; rather, it preserves setoff rights that arise out of non-bankruptcy law. The language of § 553 is "permissive, not mandatory," meaning that the decision regarding whether to apply a setoff lies within the equitable discretion of the bankruptcy court. Norton, 717 F.2d at 772.

[4] Section 6402 of the Internal Revenue Code ("IRC") provides, in pertinent part:

> In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment.

26 U.S.C. § 6402(a).

3

discretion of the bankruptcy court.[5]  See In re Martinez, No. 06-1130, 2007 WL 295406, at *2-4 (M.D. Pa. Jan. 29, 2007).  Given the standard of review for discretionary rulings, the court determined that an abuse of discretion standard was appropriately applied, but that it was unable to conduct such a review because of the bankruptcy court's circumscribed rationale.  Id. at *4.  Accordingly, the court remanded the case to the bankruptcy court for further consideration.

On remand, the bankruptcy court issued an opinion dated March 7, 2007, which set forth the court's reasons for its setoff allocation.  (Doc. 2 at 49-51.)  The bankruptcy court explained that its allocation was prompted by a concern that the debtors' "plan would not be feasible if the refunds were not earmarked to satisfy priority claims."  (Id. at 50.)  The court cited numerous reasons why confirmation of the debtors' plan was "tenuous," including:  (1) the "significant disparity between proposed priority payments under the plan and the amount of priority debt for

---

[5] The IRS now asks the court to revisit its earlier holding, but the court declines to do so.  The court's finding was premised upon the reasoned decisions of several courts which have recognized that setoff allocation decisions are a natural extension of the bankruptcy court's discretion to deny setoffs where warranted. See, e.g., In re Stienes, 285 B.R. 360, 363 (Bankr. D.N.J. 2002) ("Notwithstanding the basic proposition . . . that a creditor's pre-petition setoff rights are generally not affected by the Bankruptcy Court, with limited exceptions, the application of setoff is permissive and can be modified through the exercise of the equitable powers of the court."); In re Sedlock, 219 B.R. 207, 210-11 (Bankr. N.D. Ohio 1998) (recognizing that the allocation decision is a discretionary one based on equitable considerations); In re Moore, 200 B.R. 687, 689-90 (Bankr. D. Or. 1996) (considering United States v. Energy Res. Co., Inc., 495 U.S. 545, 546 (1990)).  Moreover, the court carefully considered the policies underlying Chapter 13 of the Code and concluded that vesting equitable discretion with the bankruptcy court would best serve the policy goals of ensuring the feasibility of a rehabilitation plan.  See Sedlock, 219 B.R. at 211; Stienes, 285 B.R. at 363.

which proofs of claim were filed," and (2) the debtors' "difficulties in making required post-petition payments." (Id. at 51.) The IRS filed the instant appeal of the bankruptcy court's decision on March 14, 2007, arguing that the bankruptcy court's opinion constituted an abuse of discretion. (Doc. 1.)

## II.     Discussion

The issue presented by the instant appeal is whether the bankruptcy court appropriately exercised its discretionary authority when allocating the right of setoff to the IRS's priority claims only. Discretionary provisions place the authority to decide whether the final decision is "correct" in the hands of the lower court. See Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The appellate tribunal serves only to ensure that discretion was exercised rationally, that all relevant factors were considered, and that no clear analytical error was made. Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000). The focus is on the means, not the end. A manifest abuse will generally be found only when the lower court failed either to comprehend the nature of its discretion or to employ it reasonably. See Cleary ex rel. Cleary v. Waldman, 167 F.3d 801, 804 (3d Cir. 1999); Ray v. Robinson, 640 F.2d 474, 478 (3d Cir. 1981).

In the instant case, the court finds that the bankruptcy court's setoff allocation decision did not constitute an abuse of discretion. Applying its equitable discretion, the bankruptcy court elected to limit setoff to priority claims because an alternate setoff allocation would weaken an already tenuous plan. The bankruptcy court's decision was supported by numerous facts suggesting that the debtors' plan

was faltering, including the debtors' inability to make scheduled payments. The purpose of Chapter 13 bankruptcy filings, namely, to facilitate the debtor's successful completion of a rehabilitation plan, is jeopardized when setoff allocations threaten the viability of the plan. Therefore, the bankruptcy court was well within its discretion when basing its setoff allocation decision upon the soundness of the plan. Accordingly, the court will affirm the March 7, 2007 opinion and the April 27, 2006 order of the bankruptcy court.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:	February 12, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** <br> **INTERNAL REVENUE SERVICE,** | : <br> : <br> : | **CIVIL ACTION NO. 1:07-CV-0687** <br><br> **(Judge Conner)** |
| **Appellant** | : <br> : | |
| v. | : <br> : | |
| **ANGEL M. MARTINEZ &** <br> **EVANGELINA D. MARTINEZ,** | : <br> : <br> : | |
| **Appellees** | : | |

## **ORDER**

AND NOW, this 12th day of February, 2008, upon consideration of the bankruptcy appeal filed by appellant (Doc. 1), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The March 7, 2007 opinion and the April 27, 2006 order of the United States Bankruptcy Court for the Middle District of Pennsylvania in the case docketed as Bankruptcy Petition No. 1:05-BK-0096 are AFFIRMED.

2. The Clerk of Court is directed to CLOSE this appeal.

    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge